UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LORRIE ELAINE RADFORD,

                                     Plaintiff,

                    -vs-                                        14-CV-658-JTC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                                     Defendant.

_____

APPEARANCES:    LAW OFFICES OF KENNETH HILLER (TIMOTHY HILLER, ESQ., of
                Counsel), Amherst, New York, for Plaintiff.

                WILLIAM J. HOCHUL, JR., United States Attorney (KAREN
                CALLAHAN, Special Assistant United States Attorney, of Counsel),
                Buffalo, New York, for Defendant.

        This matter has been transferred to the undersigned for all further proceedings, by

order of United States District Judge William M. Skretny dated October 8, 2015 (Item 11).

        Plaintiff Lorrie Elaine Radford initiated this action on August 14, 2014, pursuant to

the Social Security Act, 42 U.S.C. § 405(g) ("the Act"), for judicial review of the final

determination of the Commissioner of Social Security ("Commissioner") denying plaintiff's

application for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI")

benefits under Titles II and XVI of the Act.   Plaintiff has moved for judgment on the

pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (*see* Item 7) and

the Commissioner has cross-moved for the same relief (Item 9).   For the following reasons,

plaintiff's motion is granted and the Commissioner's motion is denied.

**BACKGROUND**

Plaintiff was born on December 14, 1958 (Tr. 85).[1]   She filed applications for DIB and SSI on March 23, 2011, alleging disability due to irregular heart rhythm, hypertension, arthritis, back injury, and alcoholism, with an onset date of June 7, 2007  (Tr. 80-98, 118). The claims were denied administratively on May 10, 2011 (*see* Tr. 50-57).   Plaintiff requested a hearing, which was held on October 9, 2012, before Administrative Law Judge ("ALJ") Grenville W. Harrop, Jr. (Tr. 25-51).  Plaintiff appeared and testified at the hearing, but was not represented by counsel.

On January 9, 2013, ALJ Harrop issued a decision finding that plaintiff was not disabled within the meaning of the Act (Tr. 10-17).   Following the sequential evaluation process outlined in the Social Security Administration regulations (*see* 20 C.F.R. §§ 404.1520, 416.920), the ALJ found that plaintiff had the following "severe" impairments: degenerative changes of the right hip and lumbar spine and alcoholism (Tr. 13).  However, the ALJ found that the evidence in the record regarding plaintiff's signs, symptoms and functional limitations did not support a finding that these impairments, considered singly or in combination, met or medically equaled the criteria of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings").  The ALJ specifically considered the criteria for Listings 1.04 (Disorders of the Spine) and 12.09 (Substance Addiction Disorders), but found that plaintiff's impairments did not result in restrictions or limitations to the degree necessary to meet or equal any of these Listings (Tr. 13).   The ALJ

---

[1]Parenthetical numeric references preceded by "Tr." are to pages of the administrative transcript filed by the Commissioner at the time of entry of notice of appearance in this action (Item 6).

discussed the evidence in the record regarding plaintiff's medically determinable impairments – including plaintiff's written submissions, her hearing testimony, treatment notes and records from health care facilities, and the reports of two consultative examinations – and determined that plaintiff had the residual functional capacity ("RFC") to perform light to medium work and could perform her past relevant work as a bartender (Tr. 13-16).   In the alternative, considering plaintiff's age (54 years at the time of the hearing), high school education, work experience, and RFC, and using Medical-Vocational Rules 203.29 and 203.22 as a framework for decision-making, the ALJ determined that plaintiff's non-exertional limitations have little to no effect on the occupational base of unskilled medium work and that plaintiff has not been under a disability from the time of the alleged onset through the date of the decision (Tr. 16-17).

The ALJ's decision became the final decision of the Commissioner on June 17, 2014, when the Appeals Council denied plaintiff's request for review (Tr. 1-4), and this action followed.

In her motion for judgment on the pleadings, plaintiff contends that the Commissioner's determination should be reversed because the RFC determination was not supported by substantial evidence.  *See* Item 7-1.  The government contends that the Commissioner's determination should be affirmed because the ALJ's decision was made in accordance with the pertinent legal standards and is based on substantial evidence in the record.  *See* Item 9.

## DISCUSSION

### I.    Scope of Judicial Review

The Social Security Act provides that, upon district court review of the Commissioner's decision, "[t]he findings of the Commissioner … as to any fact, if supported by substantial evidence, shall be conclusive …."  42 U.S.C. § 405(g). Substantial evidence is defined as evidence which "a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938), *quoted in Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).  The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts. *Giannasca v. Astrue*, 2011 WL 4445141, at *3 (S.D.N.Y. Sept. 26, 2011) (citing *Rodriguez v. Califano*, 431 F. Supp. 421, 423 (S.D.N.Y. 1977)).

Under these standards, the scope of judicial review of the Commissioner's decision is limited, and the reviewing court may not try the case *de novo* or substitute its findings for those of the Commissioner. *Richardson*, 402 U.S. at 401; *see also Cage v. Comm'r of Soc. Servs.*, 692 F.3d 118, 122 (2d Cir. 2012).  The court's inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982), *quoted in Hart v. Colvin*, 2014 WL 916747, at *2 (W.D.N.Y. Mar. 10, 2014).

However, "[b]efore the insulation of the substantial evidence test comes into play, it must first be determined that the facts of a particular case have been evaluated in the light of correct legal standards." *Klofta v. Mathews*, 418 F. Supp. 1139, 1411 (E.D.Wis.

4

1976), *quoted in Sharbaugh v. Apfel*, 2000 WL 575632, at *2 (W.D.N.Y. Mar. 20, 2000); *Nunez v. Astrue*, 2013 WL 3753421, at *6 (S.D.N.Y. July 17, 2013) (citing *Tejada*, 167 F.3d at 773). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (citations omitted). Thus, the Commissioner's determination cannot be upheld when it is based on an erroneous view of the law, or misapplication of the regulations, that disregards highly probative evidence. *See Grey v. Heckler*, 721 F.2d 41, 44 (2d Cir. 1983); *see also Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) ("Failure to apply the correct legal standards is grounds for reversal."), *quoted in McKinzie v. Astrue*, 2010 WL 276740, at *6 (W.D.N.Y. Jan. 20, 2010).

If the Commissioner's findings are free of legal error and supported by substantial evidence, the court must uphold the decision.  42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied … the court shall review only the question of conformity with [the] regulations …."); *see Kohler*, 546 F.3d at 265.  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).  Even where there is substantial evidence in the record weighing against the Commissioner's findings, the determination will not be disturbed so long as substantial evidence also supports it.  *See Marquez v. Colvin*, 2013 WL 5568718, at *7 (S.D.N.Y. Oct. 9, 2013) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998) (upholding the Commissioner's decision where there was

substantial evidence for both sides)).

In addition, it is the function of the Commissioner, not the reviewing court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including claimant." *Carroll v. Sec'y of Health and Human Services*, 705 F.2d 638, 642 (2d Cir. 1983); *cf. Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. Sept. 5, 2013). "Genuine conflicts in the medical evidence are for the Commissioner to resolve," *Veino*, 312 F.3d at 588, and the court "must show special deference" to credibility determinations made by the ALJ, "who had the opportunity to observe the witnesses' demeanor" while testifying. *Yellow Freight Sys. Inc. v. Reich*, 38 F.3d 76, 81 (2d Cir. 1994).

## II.   Standards for Determining Eligibility for Disability Benefits

To be eligible for DIB and SSI benefits under the Social Security Act, plaintiff must present proof sufficient to show that she suffers from a medically determinable physical or mental impairment "which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months …," 42 U.S.C. § 423(d)(1)(A), and is "of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy …." 42 U.S.C. § 423(d)(2)(A); *see also* 20 C.F.R. § 416.905(a). As indicated above, the regulations set forth a five-step process to be followed when a disability claim comes before an ALJ for evaluation of the claimant's eligibility for benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is presently engaged in substantial gainful activity. If the claimant is not, the ALJ must decide if the claimant has a "severe"

impairment, which is an impairment or combination of impairments that has lasted (or may be expected to last) for a continuous period of at least 12 months which "significantly limits [the claimant's] physical or mental ability to do basic work activities ...."  20 C.F.R. §§ 404.1520(c), 416.920(c); *see also* §§ 404.1509, 416.909 (duration requirement).  If the claimant's impairment is severe and of qualifying duration, the ALJ then determines whether it meets or equals the criteria of an impairment found in the Listings.  If the impairment meets or equals a listed impairment, the claimant will be found to be disabled.  If the claimant does not have a listed impairment, the fourth step requires the ALJ to determine if, notwithstanding the impairment, the claimant has the residual functional capacity to perform his or her past relevant work.  If the claimant has the RFC to perform his or her past relevant work, the claimant will be found to be not disabled, and the sequential evaluation process comes to an end.  Finally, if the claimant is not capable of performing the past relevant work, the fifth step requires that the ALJ determine whether the claimant is capable of performing any work which exists in the national economy, considering the claimant's age, education, past work experience, and RFC.  *See Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000); *Lynch v. Astrue*, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008).

The claimant bears the burden of proof with respect to the first four steps of the analysis.  If the claimant meets this burden, the burden shifts to the Commissioner to show that there exists work in the national economy that the claimant can perform.  *Lynch*, 2008 WL 3413899, at *3 (citing *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999)).  "In the ordinary case, the Commissioner meets h[er] burden at the fifth step by resorting to the applicable medical vocational guidelines (the grids), ... [which] take into account the

claimant's residual functional capacity in conjunction with the claimant's age, education, and work experience." *Rosa*, 168 F.3d at 78 (internal quotation marks, alterations and citations omitted).  If, however, a claimant has non-exertional limitations (which are not accounted for in the grids) that "significantly limit the range of work permitted by his exertional limitations then the grids obviously will not accurately determine disability status …." *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986) (internal quotation marks and citation omitted).  In such cases, "the Commissioner must 'introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the national economy which claimant can obtain and perform.' " *Rosa*, 168 F.3d at 78 (quoting *Bapp*, 802 F.2d at 603). Where the record supports a finding that the claimant's non-exertional limitations would have little or no effect on the occupational base of unskilled work, the ALJ may properly rely on the Grids as a framework for decisionmaking, without consulting with a vocational expert, to satisfy the Commissioner's burden at the final step of the sequential evaluation. *Cornell v. Colvin*, 2014 WL 1572342, at *9 (W.D.N.Y. Apr. 18, 2014) (citing *Zabala v. Astrue*, 595 F.3d 402, 410–11 (2d Cir. 2010); *Bapp*, 802 F.2d at 605-06).

## III.    The ALJ's Disability Determination

In this case, ALJ Harrop determined at step one of the sequential evaluation that plaintiff had not engaged in substantial gainful activity since June 1, 2007, the alleged onset (Tr. 12).  At step two, the ALJ determined that plaintiff's impairments are "severe" as that term is defined in the regulations because they impose significant work-related functional limitations (Tr. 13).  As noted above, at step three the ALJ found that plaintiff's impairments did not meet or medically equal the severity of a listed impairment, with

8

specific consideration given to the criteria of Listings 1.04 and 12.09 (Tr. 13).  The ALJ then found that plaintiff had the RFC for light to medium work, with certain non-exertional limitations (Tr. 13).  In making this determination, the ALJ discussed plaintiff's hearing testimony and statements in the record regarding her symptoms, along with the objective medical evidence contained in the treatment records, and reports obtained from consultative examiners Drs. Susan Santarpia and Nikita Dave (Tr. 13-16).  Based upon his consideration of this evidence, the ALJ found that plaintiff's allegations regarding the limiting effects of her symptoms were not credible to the extent they were inconsistent with the RFC assessment (Tr. 15).  The ALJ afforded limited weight to the opinions of the consultative examiners as no treating relationship had been established, and stated that "[t]he greatest weight in this case is given to the objective evidence showing relatively mild positive findings." (Tr. 16).

The ALJ then determined that plaintiff could perform her past relevant work as a bartender (Tr. 16).  Alternatively, using Medical Vocational Rules 203.22 and 203.29 as a framework for decision-making, the ALJ found that there were jobs existing in substantial numbers in the national economy that plaintiff could perform considering her age, education, work experience, and RFC (Tr. 16-17).  Accordingly, the ALJ concluded that plaintiff was not under a disability from June 1, 2007 through the date of the decision (Tr. 17).

## IV.    Plaintiff's Motion

Plaintiff argues that the RFC determination was not based on substantial evidence. Specifically, she contends that the ALJ rejected the opinion of the consultative examiner,

Dr. Nikita Dave, and improperly substituted his own medical opinion in formulating plaintiff's RFC.  As stated above, the ALJ found that plaintiff retained the RFC to perform light to medium work with the additional limitation that she can occasionally deal with stress and make appropriate decisions.[2]

 "Residual functional capacity" is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Social Security Ruling 96–8p, 1996 WL 374184, *2 (S.S.A.1996). In assessing a claimant's RFC, the ALJ must consider all of the relevant medical and other evidence in the case record to assess the claimant's ability to meet the physical, mental, sensory and other requirements of work."  *Domm v. Colvin*, 2013 WL 4647643, at *8 (W.D.N.Y.  Aug. 29, 2013), *aff'd*, 579 F. App'x 27 (2d Cir. 2014).  The RFC determination "must be set forth with sufficient specificity to enable [the court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984); *see also Hamlin v. Colvin*, 2014 WL 4669244, at *6 (N.D.N.Y. Sept. 18, 2014).

Here, the ALJ reviewed the evidence pertaining to plaintiff's medical history. Specifically, the ALJ noted the routine care plaintiff has sought, her failure to seek treatment from a specialist for her back and hip pain or to follow-up with physical therapy, and her use of only over-the-counter medication to alleviate her pain (Tr. 14-15).  The ALJ noted plaintiff's extensive activities of daily living, including cooking, cleaning, laundry, shopping, yard work, painting, and completion of an on-line Associate's degree in medical

---

[2]  Plaintiff does not challenge the non-exertional limitations set out in the RFC.  *See* Item 7-1, p. 2, n. 1.

billing in 2008 (Tr. 13-14).  The ALJ also noted plaintiff's seasonal work in 2010 (Tr. 15, 26).  In addition, the ALJ reviewed the consultative examination conducted by Dr. Dave and noted no restrictions on the plaintiff's ability to work by her treating physicians (Tr. 16).

At the time of the consultative examination, on April 29, 2011, Dr. Dave noted full flexion of plaintiff's cervical spine, tenderness at vertebrae C6 and L5-S1, full range of motion of plaintiff's shoulders, elbows, forearms, wrists, hips, knees, and ankles, no sensory deficits, and full strength in all extremities (Tr. 226).  X-rays of plaintiff's right hip taken in April 2011 showed joint space narrowing, but no evidence of fracture, dislocation, or bony lesion (Tr. 228).  X-rays of the lumbosacral spine showed degenerative changes at L3-L4 and L5-S1 (Tr. 229).  Dr. Dave concluded that plaintiff had "[m]ild to moderate limitations for prolonged sitting, standing, lifting, carrying, pushing and pulling of greater than moderately weighted objects due to low back pain." (Tr. 227).

After reviewing the record evidence, the ALJ concluded that plaintiff was able to perform light to medium work,[3] including her past relevant work as a bartender.  He stated that he gave the greatest weight "to the objective evidence showing relatively mild positive findings." (Tr. 16).  He gave only limited weight to the opinion of Dr. Dave because the consultative examiner had not established a treating relationship with the plaintiff.  *Id.*

Having reviewed the record and the ALJ's decision with respect to plaintiff's RFC, the court concludes that the RFC determination is not based on substantial evidence.  As

---

[3]  Under the SSA regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 416.967(b).  Light work also requires "a good deal of walking or standing" or pushing and pulling of arm or leg controls. *Id.*  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).  If a person can do medium work, she will be found to be able to do sedentary and light work. *Id.*

he stated in his decision, ALJ Harrop based the RFC determination on the objective medical records and plaintiff's admitted daily activities (Tr. 16). In this case, the medical record is limited and plaintiff's treatment notes provide no indication of how her symptoms limit her functional capacity. The ALJ rejected the only medical opinion regarding plaintiff's functional limitations, contained in the opinion of Dr. Dave, yet concluded that plaintiff could do medium work, which requires that she be able to lift 50 pounds occasionally and 25 pounds frequently, and do "a good deal" of walking or standing. 20 C.F.R. § 416.967(b), (c). "Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error." *Khan v. Comm'r of Soc. Sec.,* 2015 WL 5774828, *16 (E.D.N.Y. Sept. 30, 2015) (citing *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F.Supp.2d 330, 347 (E.D.N.Y. 2010).

While an ALJ may, in some circumstances, proceed without a medical source opinion as to the claimant's functional limitation, there must still be "sufficient evidence" for the ALJ to properly make the RFC determination. *Tankisi v. Comm'r of Soc. Sec.,* 521 F. App'x 29, 34 (2d Cir. 2013) (remand may not be required "where ... the record contains sufficient evidence from which an ALJ can assess the petitioner's [RFC]."). Here, the record was not sufficiently developed for the ALJ to assess plaintiff's RFC. *See Downes v. Colvin*, 2015 WL 4481088, at *15 (S.D.N.Y. July 22, 2015) (noting that unlike in *Tankisi*, "the treatment notes and test results from [the plaintiff's] treating physicians do not assess how [the plaintiff's] symptoms limited his functional capacities" and remanding for further findings). Specifically, it is unclear where the ALJ could have drawn support for his specific

functional limitation findings as to plaintiff's ability to sit, stand, walk or carry objects up to 50 pounds in weight.  The ALJ acknowledged that the record contains no statement from a treating physician regarding restrictions or limitations, yet he did not seek to further develop the record to obtain such an opinion.  Given the lack of evidentiary support for the RFC determination, the court vacates the Commissioner's decision and remands the matter for further development of the record with regard to plaintiff's functional limitations.

## CONCLUSION

For the foregoing reasons, the court finds that the ALJ's decision is not supported by substantial evidence and the Commissioner's motion for judgment on the pleadings (Item 9) is denied.  Plaintiff's motion for judgment on the pleadings (Item 7) is granted and the action is remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).  The Clerk of the Court is directed to close the case.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   November 13, 2015